243348, Shepard and Associates Inc, et al. v. Lokring Technology LLC v. Tubemac Industries Inc. Argument not to exceed 15 minutes per side. Mr. Fisher, you may proceed for the appellate. Good afternoon, your honors. As it may please the court, I'm Ralph Fisher on behalf of Appellant Tubemac Industries Inc. The issue on appeal is the district court's denial of our motion for attorney's fees for the assertion of making claims of trade secret misappropriation in my faith under the Federal Defense Trade Secrets Act and the Ohio Uniform Trade Secrets Act. The district court limited the review of that particular issue to the filing of the complaint and disregarded post-complaint filing conduct that included a discovery, a preliminary injunction Let's talk about that for a second. The order says pursuit and filing, I think, at one point, which suggests to me that everything was on the table. But even more than that, your motion, I think, for all of your fees, which would have been from the beginning. So I don't know why, if the district judge was mainly looking at whether the claim was viable from the beginning, why wasn't that something that you were arguing? I mean, didn't you invite the error if there was any error? No. Our reply brief, or I'm sorry, our motion, our opening motion, said from the beginning, so that we were entitled to the entirety of our fees, but certainly included argument that the bringing and maintaining of the suit was bad faith. And we identified numerous instances in both the opening motion as well as in the reply, identifying conduct from expert discovery, coming up with evidence. Believe me, they didn't cover themselves in glory, it looks like, in this litigation. But you also had other grounds for sanctions, right? We presented a number of alternative bases. I guess what I'm wondering is, if you go to the district court and say, hey, their discovery conduct is bad, sanction them under Rule 11 or whatever it is, and this is a bad faith claim, we deserve all of our fees. It suggests to me that, okay, that's because they brought a bad claim from the beginning. The discovery conduct looks like it's a separate ground to me for granting fees. But on appeal right now, we're just talking, and I understand the discovery conduct could be a problem, could add to the bad faith, I suppose, right? But I'm not sure where the legal error was and what the district court did. I'm not sure I see it. If there was one, I'm not sure that it wasn't due to the way that the claim was presented. Our opening motion presented the basis for the fees to be certainly from the beginning, because in our view... Right, but it presented multiple grounds. Am I correct about that? There was a number of standards that were argued, including the court's inherent powers and the vexatiousness standard that's specific to an attorney. That is correct. We utilized multiple bases, but the argument that was presented was under all of those standards, these apply to show bad faith under the standards, and we identified numerous instances of conduct, including highlighting at different points when the conduct occurred. I mean, even after the preliminary injunction hearing, when the... Look, in the court's order, and I'm looking at page, let's see, page ID 17703, court says, TUMAC prevailed on summary judgment, but the court's analysis does not stop there. While Lockring did not meet its burden under Rule 56, had a basis to pursue discovery. So that seems to cover more than the filing. Lockring's claims are not wholly baseless. TUMAC does not satisfy this court that Lockring or its lead counsel in this matter pursued this trade secret claims of bad faith. Why is that not recognizing that it's not just bringing but maintaining? Because the entirety of that rationale is that it was reasonable for them to have filed the complaint to take discovery and pursue discovery. That is how we understand that order. And that is inconsistent with considering all the conduct that was engaged in after the complaint was filed, where even if there was some question as to whether they reasonably believed a contract was signed that was never signed, they certainly knew after the preliminary injunction this contract was never signed. They certainly knew at the end of fact discovery that the trade secrets had a nominal value and then went through a very strange approach to try to get assumed expert testimony, to try to quantify the valuation of what they trade secret was, to say it had some sort of commercial value that would be significant enough to warrant being considered a trade secret. Then they took a further affirmative act at summary judgment and specifically told the court this contract was never signed and then two pages later said actually it was signed. That's an undisputed fact. It was signed. And then it was destroyed by somebody else, the former employer of this contractor, and that even though my client was never alleged as having spoliated the evidence that supposedly occurred, somehow this destroyed contract that didn't exist but then did exist would apply to this contractor. That was in summary judgment. So there was multiple bases that were clear bad faith conduct with specious arguments that didn't make really much legal sense. There was no, I mean even the basis for, I think in their summary judgment motion they told the court they had to show a confidential relationship existed to substantiate their claims under both the DTSA and the OUTSA. And then after the, to oppose our summary judgment motion, they told the court they didn't have to show that. I mean there's numerous instances and those were all flagged with the motion as well as the reply for the motion for attorney's fees. That was an argument that we are entitled to all of our attorney's fees but certainly there was so many instances of bad faith we would certainly be entitled to less than our attorney's fees if, you know, I think that entirety of conduct was brought into play. Well and the court acknowledged all of it, didn't it? I don't believe she did. I think she felt constrained to rule on at the outset of the bringing of the claim is all she had to look at and if it was reasonable to file the complaint under the DTSA and the OUTSA, that was what was meant by that phrase. And that does not make sense under just the plain name of the statute and it certainly doesn't make sense from the intent behind that provision. Where it's a fee shifting provision and even if you might have some thought that somebody misappropriated a trade secret and felt there was a grounds for a complaint, certainly after a preliminary injunction is held and your distributor's former employee is dismissed for not having because you the party asserting a third party beneficiary status can't provide a contract to persist in the claim even after fact discovery again shows that contract doesn't exist that's underlying the claims. I mean I thought, correct me if I'm wrong, I mean I don't think did they necessarily need the contract to maintain the claim? I mean the employee emailed the stuff to himself, didn't he? The employee was, first of all they do need to show a confidential relationship existed. No, no, no. Contract, not the confidential relationship. Do they have to show, do they have to have the contract? You keep saying the contract. They need to have, to be able to provide. I mean it would be nice to have the contract, don't get me wrong. They need to have some basis to show they took a reasonable precaution to protect their information and they have to show some sort of confidential relationship. The employee emails stuff to his own personal account. That's problematic. Do you agree? This former employee who never signed a non-compete or non-disclosure agreement and did not work directly for this lockering entity. He worked for a distributor who is a separate corporate entity and unrelated to this. He received an email with Excel files that provided email addresses and names two weeks before the lockering party even possessed access to this system. And then he only emailed it to himself. He didn't share with anybody else and there was no basis for him to think lockering even owned that information because they didn't even have control over the database at the time. They acquired the rights to that system two weeks later for $1,000. That was how that was transferred. And the preliminary injunction hearing testimony made that very clear as well as the deposition testimony taken during discovery that was in the summary judgment briefing and also flagged in the opening motion provided to the court as well as in the reply brief. That this had the minimum value even from their own underlying arrangement to acquire that data. And there's nothing improper with taking information you were given from a colleague and sending it to yourself to a personal email address. I don't think that he had no obligation of a non-disclosure agreement. He had no non-compete agreement underlying that and there was never a theory presented as to why he had a duty. None presented at all. His employer certainly didn't make that claim and the alleged third party beneficiary of the contract had no legal basis to assert that claim. They didn't raise it in summary judgment. They relied on an email footer that's automatically appended to an email that somebody that isn't even their employee sent using their email server. There was no no fact basis or legal basis for that position taken by the law group. Okay but the bottom line is you're relying on this alleged legal error that the court made in misconstruing what the statutory standard is. We think it was certainly a legal error to fail to consider all the conduct that occurred after the complaint was filed that shows egregious bad faith. Okay so that's that would be de novo review if not it would just be it would be abusive discretion and we feel that both under both standards that would be met here. Okay thank you counsel you'll have your rebuttal. Thank you your honors may it please the court my name is Melissa Kelly and I represent Technology Inc. No matter how the court regards Tubemac's position about the standard of review here all this court needs to do to affirm Judge Brennan's decision is ask whether Lockring's trade secrets claim was objectively specious or whether there was evidence of subjective bad faith and there's no evidence of either in the record or before Judge Brennan and for that reason her should be affirmed. Tubemac is essentially asking this court to say if a party loses on summary judgment they can be subject to sanctions but that's not what the court's law says that's not what the jurisprudence says as the cases that we cite in our where was this non-disclosure that this guy signed this contract well I thought your client was saying existed and I mean it would be your in your possession I take it right well I think that the questions that you are asking opposing counsel show exactly why that issue doesn't rise to the level or I guess sink to the level depending on how you think about it of objective speciousness because there was certainly circumstantial evidence in the record that the employee Goodrie had signed the agreement he the agreement between his client and excuse me between plaintiffs and Lockring required plaintiffs to ask their employees to sign non-disclosure agreements uh plaintiff Brad Shepard had inquired in January 19 about the non-disclosure agreement and instructions about it Goodrie signed an offer letter with plaintiffs acknowledging that one aspect of his employment was conditioned upon signing those kinds of restrictive covenants and then there were other people who testified that they as employees of plaintiff had signed and that Goodrie had said that he had signed and another employee testified that after they all I mean that's why it seems odd like you're not you're acting kind of inconsistently with the idea that you think these are trade secrets or things that need to be protected if you don't have an agreement on it so and then you turn around and sue right away and say oh wait you know there's this agreement like there is no agreement I mean is the is the underlying thought on your side that it just got misfiled accidentally tossed in the trash sent down the shredder no no your honor and again I think these questions reflect the question here about the sanctions whether sanctions should be imposed in this case is objective speciousness and the fact that we're having this kinds of discussion shows that there was none and the there was a spoliation claim our client brought a spoliation claim against plaintiffs the theory being that Shepard or Brad Shepard had spoliated Goodrie's signed agreement that was that claim was alive and well all the way through dispositive motion briefing but what does that have to do with with tube mac I'm sorry your honor what does the spoliation have to do with tube mac that's not their that's not their problem I mean you have a spoliation claim you bring it against the other party not against them certainly but but judgment and recognize that the two things were connected in her motion in her order dealing with the spoliation claim against plaintiffs she said there's a genuine dispute of fact here about whether that agreement exists she said the jury could find that it did and that it was destroyed or that it didn't and it never existed and there's no spoliation and she also said that there was a dispute of fact about the breach of contract claim that Lockreen brought against plaintiffs arising out of the potential failure the failure to have people sign the she granted summary judgment to them when did she say there was a disputed issue of fact I'm confused so she said there was a dispute of fact with respect to the spoliation claim that Lockreen brought against plaintiffs in her decision on summary sorry your honor okay if that was connected to this case why did they get summary judgment I'm confused it it seems like it would have been it's a no-brainer that they won summary judgment she didn't think it was an issue so it seems to me the spoliation had nothing to do with this case so it absolutely did and I'll get to that in one second but judge Brennan in granting summary judgment on the trade secrets act claim never made the finding that there was no agreement what she said was they have not been able to produce this agreement and under the statute of frauds I have to act like this agreement doesn't exist I can't give it I can't pretend it exists essentially is what she was saying she never made the factual finding she made the legal conclusion under the statute of frauds I can't say that this agreement exists and that they benefited from it and the reason that the two things are connected because in the same case my client had a spoliation claim against the plaintiffs involving that same agreement and judge Brennan said there's a dispute of fact about whether this agreement exists and if the spoliation claim is found in favor of lock ring it affects it affects their other claims in this case and she foot she makes a reference to her decision right but wouldn't the damages for the spoliation would would there be damages that would flow from your failure to make out your kit your claim in this case because of the damages from the spoliation in the other case it seems to me the right place to pursue that is in that case not against them so you're absolutely right that the measure of damages with respect to spoliation would would involve what happened with the claims against the trade secret act claims absolutely but our clients had the question before the court today is whether it was objectively specious to pursue these trade secret act claims using the evidence that was in the record and based on the evidence in the record and that was discovered through discovery there was circumstantial evidence on both sides and and testimony on both sides of the issue of whether it existed but at what point did it at what point should you have realized that you had no claim i mean in maintaining the claim you're saying you you had an objective basis all the way through summary judgment yes okay what about the what about your litigation conduct it seemed like it was pretty egregious to me the misconduct this was absolutely a case where there was a lot of advocacy on both sides um yeah but i'm talking about like the sandbagging on the damages saying hey we're going to rely on these documents that weren't produced in discovery changing your damages theory after the close of discovery i mean that's pretty egregious would you agree i think that the the both sides in this case um did you litigate a case that way did you litigate this case i did not litigate this case your honor do you think that was proper conduct um i try very hard um not to second-guess litigation counsel when i'm on appeal because i haven't lived and breathed the case and and i think that you know a lot of lawyers were reading the case just a matter of disclosing your damage was that when were the initial disclosures made did you guys disclose your damages theory with initial disclosures i couldn't even find initial disclosures here so your honor i think the the important point about that the things that you are bringing up they may reflect one way or the other on the litigation conduct were they done i'm just curious were there initial disclosures with damages theory in it i when were they made can you i honestly don't i don't know that part i don't know your honor when the damages theory was disclosed and i apologize for that i mean that's sanctionable conduct isn't it i mean that kind of stuff used to drive me nuts when i was well i don't know what's going on now but the the sanctionable conduct or the the standards for sanction that's in front of us today is under the trade secrets act case and a lot of the the sort of laundry list of conduct that they added in at the end of their motion for fees is is you know we can certainly talk about that but does it reflect this question then if there is a question about bad faith in bringing subjective i take it that what we've said is kind of bringing a bad claim is not enough you have to have this plus factor i guess what i would say you agree that the vexatious litigation conduct would satisfy that part of it at least right i don't know that i that i could agree to that blanket rule your honor because if you look at other cases that talk about subjective bad faith they talk about sort of evidence and conduct sort of outside of the litigation because it's it's subjective bad faith and bringing or maintaining the claim and i think a lot of that standard ties into they sort of start to collapse into one another right the objective speciousness and subjective bad faith standard um and in other cases so maintaining the claim do you think the litigation conduct goes to maintaining the claim in bad faith or do you think it's irrelevant so i think that litigation conduct that arises after perhaps objective speciousness obviously because you that can create a sanctionable situation but there was never objective speciousness in this case and and the litigation conduct here like you know while obviously you know there was it was heated on both sides they were still working in the the framework of we have legitimate bases for raising these claims and for pursuing these claims so you know in other cases your honor the the question the court asks is you know why did they bring it and why did they keep maintaining it and here throughout they brought the they brought the claims the trade secret act claims because there was evidence that a former employee of the plaintiff was using their confidential trade secrets to to compete with them and then throughout the discovery in this case they continued finding evidence that that was going on but what i guess i'm confused about that because once you didn't have the agreement when did you realize you didn't have this agreement it took it took through discovery um actually no i should not say that i should not because our client still believes that still believes that that agreement exists that's why they had a spoliation claim or that the agreement was in existence but when you filed the complaint did you obviously it searched your files and didn't have the agreement right right and then my client engaged in discovery to try to get it okay and and i'm sorry your honor and then what about the theory about i mean do you think you needed to have without the agreement does the claim fail or did you have the other theory about the emailing absolutely i'm very i'm very glad that you're you're going on to this point because even absent the agreement they could prove the trade secrets act claimed through improper means and there was evidence of improper means in this case um you know opposing counsel sort of downplayed the the email footer but there is case law out there that says that forwarding um an email that you receive from your work account to your personal account that contains trade secrets can be improper means that's in a davey westfield that's cited on page 30 of our and there was so going and going back to the question of objective speciousness here there was evidence about that in the record that email footer was in the record now judge brennan interpreted it differently than we you know argued about it but but the fact that it was there is sufficient to show that there was not objective speciousness with respect to that point and because they could make their trade secret act claim um stand on improper means everything about the you know the agreement and whether we had it and when did we know falls away i'm sorry your honor i talked to you appeal the grant of summary judgment we should well you know clients make decisions lots of ways and for lots of reasons about summary judgment and whether to appeal and not to appeal i mean the plaintiffs for example agreed to enter into a consent judgment with us after those claims remained i'm sorry your honor i said it sounds like a long no it was really a reference to judge dalbandian's comment go ahead oh um the opposing counsel also touched briefly on the uh the commercial value of the trade secrets at issue here the big contacts list i mean that of course ignores the fact that the judge judge brennan did determine that those uh that information was protectable was eligible for protection under the dtsa and the thousand dollar figure refers to the amount that it would it cost to license that information which is not a reflection of you know the commercial value of of that information um so i'm running out of time here so i'll conclude briefly and that's just to remind the court no matter um how you review the decision whether you accept there was legal error which we certainly don't agree to or you agree that no excuse me abusive discretion applies do you think that the that the court did look at whether it was maintained in addition to whether it was not brought properly we absolutely do and and during your questions you pointed out specific instances in her decision that reflect that like but where in the trade secret and now is there some place in the other than what i pointed out is that what it is where in her decision yeah that she didn't make a legal error oh certainly and she quoted uh this this court's decision in degusa which and she quoted the part of it that says the bad faith occurs in bringing or maintaining the claim um that's on page 17 702 page id um same page she acknowledges that uh to mac contended that lock ring quote should have known there was no signed contract at the outset and certainly after discovery concluded so she's characterizing their arguments as as referencing the entire case um and so she you know and they presented a motion to her that asked for fees from the beginning to the end and made no effort to say from this point forward it should be this much or from this point forward it should be this much there was no effort to do that yeah i i don't know about that one i mean i don't i'm not sure what you're supposed to do do you just say hey my fees from summary judgment on or this and if you do it i mean that seems like an odd thing to make the i think if you want the court says okay fine it was a problem maintaining it then you can comb through the bills and figure out what the fees are right i think you have to invite the court to to consider specific any case that says that there's not your honor okay thank you very much for your time okay thank you um rebuttal first on the the fees point um lockering in their briefing on motion actually told the court that the fees issue should be briefed separately and asked for separate briefing on the fees so that was a an open issue in front of uh judge brennan at the district court level in connection with the motion as it concerns the existence of the non-disclosure agreement any indication that hey if you granted at a minimum this case from you know three months in our fees are this or would be this or we invite the court to calculate a different number if it finds that they was maintained even if it was brought you know in good faith that three months in they should have known and the number is this we provided a declaration that characterized the fees throughout the different stages including um i think there was the aipla reporting in lynn all stats declaration that uh provided a characterization of what that would cost for that would support some of the other theories was there something in the brief that said hey on this particular theory because of the main there's i don't think there's anything in the brief that said hey at summary judge if you found at the preliminary injunction it was this much we did the billing and i'm not saying you had to do that i'm just curious that would be very hard to do just within the 15 page yeah no i'm sure but uh um you know as it concerns this existence of the non-disclosure agreement uh you know i mean i think the summary judgment ruling in docket 418 i think it's pages 16 765 and 66 of that ruling specifically talks about how the spoliation claim only applies to plaintiffs not the tube mac that can't be a there's that's not a basis for saying a contract exists and could be applicable to show a confidential relationship as it concerns a claim against tube mac um and um that was clear that's and they never asked the court to amend their complaint to plead somehow there was a spoliation issue um they just made that argument at summary judgment that was actually one of the things we highlighted in the motion as showing bad faith because they were asserting uh unpleaded claims in the summary judgment pleading well the spoliation claim was against the other party right yes it wasn't involving us at all yeah but it did involve you in a way right i mean that the spoliation would explain where the agreement went it got shredded wait all the parties said multiple times they had not signed some agreement uh the mr shepherd testified at that position in the plenary junction he didn't send it have any of his employees ever signed this agreement this form agreement so that was the testimony um and his testimony was his attorney in texas has said those wouldn't be upheld in texas anyway um and that's that was his rationale for why he didn't have him signed um in terms of the um the requirement to have a confidential relationship that was something um lockering was well aware of at summary judgment they even told um the district court that was their obligation for their ohio for their trade secret claims in docket 11 or 311 page 8474 for the page id so they were well aware that was a confidential relationship they were required to show that for the at the very least for the ohio uniform trade secret act claim which the sixth circuit has had that's a that's a requirement for that claim and finally you know there's this concept here of well how do you show uh bad fate there's numerous this isn't like a passive situation there are numerous affirmative steps taken by lockering throughout this litigation that shows bad faith between the withholding of evidence for this expert report um with these assumptions being asked to be made to statements made at the summary judgment phase um that is a very reasonable basis to show that um bad faith exists thank you for your time thank you counsel thank you counsel both of you for your briefs and arguments the case will be submitted